**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL J. QUILLING, Receiver for** § | | |
| **SARDAUKAR HOLDINGS, IBC and** § | | |
| **BRADLEY C. STARK** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | **Civil No. 3:05-CV-2122-BH (H)** | |
| § | | |
| **JEFFREY MARC SCHONSKY** § | | |
| § | | |
| **Defendant.** § | **Consent Case** | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order of Transfer*, filed January 4, 2006, and the consent of the parties, this matter has been transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court are the following pleadings:

(1)  *Defendant's Motion to Vacate Final Judgment for Summary Judgment* ("Mot."), filed February 12, 2007; and

(2)  *Plaintiff's Response Brief Regarding Defendant's Motion to Vacate Final Summary Judgment* ("Resp."), filed February 14, 2007.

After consideration of the pleadings, evidence, and applicable law, *Defendant's Motion to Vacate Final Judgment for Summary Judgment* is hereby **DENIED**.

### I. BACKGROUND

This case arises out of a lawsuit brought by the Securities and Exchange Commission ("SEC") against various defendants for the sale of unregistered securities. *SEC v. Megafund Corp.*, No. 3-05-CV-1328-L (N.D. Tex. filed July 1, 2005). In that case, the SEC alleged that the

defendants, including Sardaukar Holdings, IBC ("Sardaukar") and Bradley C. Stark ("Stark"), raised more than $13 million from unwitting investors by making false representations about the expected rate of return on their investments, and by promising that a portion of the profits generated from the sale of securities would be used to benefit charitable causes. On July 5, 2005, the court appointed Michael J. Quilling as the Receiver ("Receiver") for all defendants in the litigation.

Receiver traced some of the illegitimate funds to Mr. Jeffrey Marc Schonsky ("Defendant") as transfers from Stark in the amount of $187,915.05 in the form of a Rolex watch, a laptop computer, and $175,000 in cash. Receiver moved for summary judgment against Defendant on September 6, 2006. This Court issued an *Order* on September 7, 2006, setting deadlines for a response and reply to Receiver's then pending *Motion for Summary Judgment*. Defendant filed correspondence with the Court on September 25, 2006, in which he responded to Receiver's allegations that he received illegitimate funds from Stark. As part of his correspondence, Defendant included a copy of this Court's September 7 *Order*. The Court construed this correspondence as Defendant's response to Receiver's *Motion for Summary Judgment*.

On December 19, 2006, the Court issued an *Order* determining that Sardaukar operated as a *Ponzi* scheme[1] and that Defendant received fraudulent transfers from Stark in violation of the Texas Uniform Fraudulent Transfer Act, Texas Business and Commercial Code § 24.005(a). The Court further determined that the disgorgement of funds traceable to investor monies was an appropriate remedy and entered a *Final Judgment* against Defendant on December 19, 2006, in the amount of $187,915.05, with pre- and post-judgment interest.

---

[1] A *Ponzi* scheme is a fraudulent investment scheme where money from new investors is used to pay "profits" on the money contributed by earlier investors, without the operation of an actual revenue-producing business other than the raising of new funds by finding more investors. *See* BLACK'S LAW DICTIONARY 1180 (7th ed. 1999).

On February 12, 2007, Defendant filed a motion to vacate the judgment against him pursuant to Federal Rule of Civil Procedure 60(b). Defendant asserts that good cause exists to vacate the final judgment since he had no notice of Receiver's *Motion for Summary Judgment* and because of alleged financial difficulties.

## II. ANALYSIS

Rule 60(b) provides that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). Although Defendant's motion to vacate does not specify the clause under which he seeks relief, clauses (1) or (6) appear to be the only two that pertain to his allegations of no notice and financial difficulty as grounds for vacating the judgment.

The Court first considers Defendant's argument that he had no notice of Receiver's pending *Motion for Summary Judgment*. (Mot. at 1.) Rule 60(b)(1) provides grounds for vacating a final judgment in the event of "mistake, inadvertence, surprise or excusable neglect." FED. R. CIV. P. 60(b)(1). "Excusable neglect" has regularly been found in responding to a dispositive motion "only in circumstances where through inadvertence, the party or its attorney did not receive the notice." *McKenzie v. Principi*, 83 Fed. Appx. 642 (5th Cir. Dec. 16, 2003) (citing *Halicki v. La Casino Cruises*, 151 F.3d 465, 470 (5th Cir. 1998.)) In the instant case, although Defendant claims he did

not receive notice of Receiver's *Motion for Summary Judgment*, his correspondence filed with the Court on September 25, 2006, enclosed a copy of this Court's September 7, 2006 *Order* establishing deadlines for a response and reply. The correspondence, which this Court construed as Defendant's response, addressed some of the arguments raised by Receiver. Thus, the record reflect that Defendant had notice of Receiver's pending *Motion for Summary Judgment,* and he is not entitled to relief under Rule 60(b)(1). *See McKenzie*, 83 Fed. Appx. 642; *see Castleberry v. CitiFinancial Mortg. Co. Inc.*, 2007 WL 559579, at *4 (5th Cir. Feb. 15, 2007) (*per curium*) (finding that *pro se* plaintiff was not entitled to relief under Rule 60(b)(1) because the district court's order clearly established deadlines for filing an amended complaint.)

The Court next considers Defendant's allegations of financial difficulties as grounds for vacating the judgment. Rule 60(b)(6) authorizes relief from final judgment for any reason other than those listed in clauses (b)(1) through (b)(5). *U.S. ex rel. Garibaldi v. Orleans Parish School Bd.*, 397 F.3d 334, 337 (5th Cir. 2005.) This relief, however, is appropriate only in an "extraordinary situation" or "if extraordinary circumstances are present." *Id*. (internal citations and quotation marks omitted). Such circumstances are not present here. As previously discussed, Defendant had notice of Receiver's *Motion for Summary Judgment* despite his assertions to the contrary. Defendant alleges that most of the funds he received from Stark were spent to care for his ailing father. Even assuming these assertions are true, they do not provide a basis for relief under Rule 60(b)(6). *See Castleberry*, at *4 (an appeal to a court's sense of justice is insufficient for relief under Rule 60(b)(6).)[2] Accordingly, the "extraordinary circumstances" required by Rule 60(b)(6) are not

---

[2]The Court notes that the Receiver's response states a willingness to settle with Defendant if he will (1) surrender the watch and laptop purchased with Sardaukar funds; (2) provide a sworn financial statement showing his current assets, income, and liabilities; and (3) provide bank records showing how he spent the $175,000. (Resp. at 2.)

- 4 -

present in the instant case.

## III. CONCLUSION

For the foregoing reasons, *Defendant's Motion to Vacate Final Judgment for Summary Judgment* is hereby **DENIED**.

**SO ORDERED** on this 6th day of March, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE